# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:06CR5

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| VS. | ) | <u>O R D E R</u> |
| | ) | |
| | ) | |
| **TIMOTHY ALAN WATERS** | ) | |

**THIS MATTER** is before the Court on the Defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion is denied.

In February 2006, the Defendant and ten others were charged with conspiracy to manufacture and possess with intent to distribute at least 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). **Bill of Indictment, filed February 8, 2006.** The Defendant subsequently entered into a plea agreement with the Government wherein he agreed to plead guilty to the charge contained in the indictment and agreed to the stipulation that the amount of methamphetamine (actual) that was known to or reasonably foreseeable to him was at least 35 grams but less than 50

grams.  **Plea Agreement, filed April 12, 2006, at 1-2.**  On April 24, 2006, Defendant appeared with counsel and formally entered his guilty plea at a Rule 11 hearing conducted by the Magistrate Judge.  *See* **Rule 11 Inquiry and Order of Acceptance of Plea, filed April 24, 2006.**  Prior to sentencing, the Government filed a motion for downward departure based on the Defendant's substantial assistance.  **Motion for Downward Departure, filed January 3, 2007.**  The Government recommended a reduction from an offense level of 35, Criminal History Category IV, with a corresponding Guideline range of 235-293 months imprisonment, to an offense level of 33, Criminal History Category IV, with a Guideline range of 188-235 months.  *Id.* **at 3.**  The Court granted the Government's motion and sentenced the Defendant to a term of 188 months imprisonment.  **Judgment in a Criminal Case, filed January 23, 2007.**

The Defendant, who did not file a direct appeal or a motion pursuant to 28 U.S.C. § 2255,[1] now moves for relief pursuant to 18 U.S.C. § 3582(c)(2) which provides, in pertinent part:

---

[1] Defendant waived his rights to pursue a direct appeal or post-conviction proceeding on any grounds other than ineffective assistance of counsel or prosecutorial misconduct.  **Plea Agreement,** *supra***, at 5.**

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> . . .
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**18 U.S.C. § 3582(c)(2).** Defendant argues that his criminal history was incorrectly calculated and that Amendment 709 to the Guidelines mandates that his criminal history score be recalculated and he be resentenced. **Defendant's Motion, at 1, 4.**

However, Amendment 709 does not concern "a sentencing range that has subsequently been lowered by the Sentencing Commission," but instead addresses "two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." **USSG App. C, at 238.** As a result, this Court has no jurisdiction to modify the Defendant's sentence pursuant to § 3582. Alternatively, assuming the Court does have jurisdiction to modify the Defendant's sentence and Amendment 709 had been in effect at the time of Defendant's sentencing

in January 2007, a review of the Defendant's criminal history shows that it was correctly calculated at the time he was sentenced and Amendment 709 would have had no effect on that calculation.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for modification of sentence is hereby **DENIED.**

Signed: July 23, 2009

Lacy H. Thornburg
United States District Judge